UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAETEC COMMUNICATIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00397 (JR) |
| | ) | |
| | ) | |
| COMMPARTNERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NOTICE OF SUBSTITUTION OF EXHIBIT**

Defendant, CommPartners, LLC, through counsel files this Notice of Substitution of Exhibit A, filed today as part of the Defendant's Motion to Dismiss. The earlier filed Exhibit A filed contained draft pages which was not the finalized exhibit. Counsel apologizes for any inconvenience caused by the earlier submission.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
Attorney for the Defendant
2100 M Street N.W. Suite 170-283
Washington, D.C.  20037

Office:     (703)416-1036
Fax:        (703)416-1037

E-mail:     sgd853@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copying of the Notice of Substitution was sent by Electronic Mail (E-mail) on the 2nd day of May 2008 to:

Jeffrey J. Binder, Esq.
Attorney for the Plaintiff
The Watergate
Suite 1107 North
2510 Virginia Avenue, NW
Washington, D.C.  20037

at j.j.binder@verizon.net.

                              */s/ Stephen G. DeNigris, Esq.*
                                Stephen G. DeNigris, Esq.

Paetec Communications v. CommPartners
Civil Action 08-cv-397 (JR)
Exhibit "A"

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

PAETEC COMMUNICATIONS, INC.   )
                              )
          Plaintiff,          )
                              )
     v.                       )   Civil Action No. 08-cv-00397 (JR)
                              )
                              )
COMMPARTNERS, LLC             )
                              )
          Defendant.          )
_____)

**DECLARATION OF DAVID S. CLARK IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS AND/OR MOTION TO TRANSFER**

Pursuant to 28 U.S.C. '1746, David S. Clark, declares as follows:

1. I am the Chief Executive Officer of CommPartners Holding company. Commpartners Holding Company, is the parent company of CommPartners LLC. I have been Chief Executive Officer since June 2003.

2. I am making this declaration in support of CommPartner's Motion to Dismiss and/or Motion to Transfer.

3. This declaration is based on personal knowledge.

4. CommPartners, LLC is a privately held company. It is organized as a Nevada Limited Liability Company (LLC). It is headquartered at 3291 N. Buffalo, Suite 150, Las Vegas, NV 89129.

5. CommPartners, is a nationwide Internet Protocol (IP) based network operator providing wholesale Voice over Internet Protocol (VoIP) and enhanced IP applications to carriers, strategic partners, and Value Added Resellers (VARS).

6. CommPartners Network Control Center is located at its Las Vegas, NV facility. The center is fully staffed 24 hours a day, 7 days a week monitoring both the CommPartners voice and data network. The NCC works directly with customers, vendors, and providers to resolve network and service issues.

7. The CommPartners' network is designed to connect public and private IP networks with the Public Switched Telephone Network (PSTN). The Company provides the network needed for Voice-Over- Internet Protocol (VoIP) providers to originate and terminate IP-based communications, as well as allow for the termination of traditional circuit-switched telephone calls.

8. The traffic carried over this network is comprised of primarily information services traffic such as VoIP, as well as interstate and intrastate Local Access Transport Area (LATA) and local traffic. A LATA is a geographical area in which the local telephone company is allowed to carry not only local calls, but long distance toll calls as well.

9. CommPartners' physical network is a " hub-centric topology" consisting of switching centers in Las Vegas, Chicago, Atlanta, and New York (Super-PoPs). These switching centers are colocation points situated in highly sophisticated environments where large numbers of network providers meet for interconnection among their networks. At these locations, CommPartners has placed softswitch equipment, routers and border control devices.

10. When a VoIP calls is placed over the CommPartners' network, it is sent to the closest Super-PoP and if need be, transported across the CommPartners private VoIP backbone to the called destination. Unlike almost all other VoIP network service providers, CommPartners does not use the public Internet for inter-continental transport of VoIP calls.

11. CommPartners uses various Internet backbone carriers to effectively place our Super-POP's one hop away from all major Internet backbone carriers.

12. Thus, if the called party were also a VoIP customer, the call would remain on IP and could be routed to one of the Internet backbone providers to its termination point. If the called party uses traditional voice service, the call is converted to voice protocol and routed to that party through the nearest party Regional Bell Operating Companies (RBOC), incumbent local carrier (ILC), competitive local exchange carrier (CLEC) or wireless carrier's local telephone switch that serves the called party.

13. Paetec terminated traffic to its end users as originated by CommPartners. Payment for this termination is governed by tariffs, although CommPartners does not believe that PaeTec's tariffs are applicable to VoIP-originated traffic.

14. CommPartners' service is also present in areas served by a local exchange telecommunications company, that are required by the Telecommunications Act of 1996, P.L. 104-104, to interconnect their networks with competitive local exchange carriers. (CLEC) A CLEC is a company certificated by an appropriate regulatory commission to provide local exchange service within another telecommunications carriers' franchised area. CommPartners is a CLEC.

15. When CommPartners wants to expand its IP coverage in an area it does not have a physical network in, it may enter into CLEC agreements with the local telecommunications company or an Interconnection Agreement Between Services Providers to obtain access in that market.

16. CommPartners does not have a physical presence in the District of Columbia.

17. It does not have offices and it does not have a physical network in the District of Columbia.

18. CommPartners does not have any wholesale customers in the District of Columbia. It does not directly transact any business with customers from the District of Columbia over its network.

19. Commpartners has a CLEC license in the District of Columbia but that license is not being used by CommPartners. Indeed, in CommPartners' Annual Report we note that we have not commenced operations in the District o f Columbia.

20. In the same vein, CommPartners has no current plans to deploy network in D.C. and instead will send traffic to other carriers with physical network presence in D.C. for termination

21. All of the alleged access charges claimed by PaeTec arose in Massachusetts, New York, Pennsylvania, Delaware, or Florida. Thus, the alleged access fees did not arise from transactions within the District of Columbia.

22. As an aside, CommPartners does not believe that it owes any access fees to PaeTec.

23. It is also patently unfair to require CommPartners to defend a lawsuit in the District of Columbia when our operation is centered in Las Vegas, Nevada, over 2000 miles away.

24. Indeed, our offices, assets, witnesses and records are located in Las Vegas, Nevada.

25. Discovery on the factual allegations raised by plaintiff in the complaint will

4

overwhelmingly involve witnesses who are employed by CommPartners in Las Vegas, Nevada.

26. The judicial district with the strongest connection to the collection of monies allegedly owed is the District of Nevada, not the District of Columbia.

27. The only apparent connection to the District of Columbia raised by Plaintiff is the fact that telephone calls originating from the CommPartners' network may terminate in the District of Columbia after being routed through the PaeTec network in New York. Given the small size of the District of Columbia, the total number of calls terminated to D.C. via PaeTec's network, if any, is likely de minimus.

28. The District of Columbia simply has no significant connection to the allegations of the plaintiff.

29. Nor does CommPartners transact business within the District of Columbia or avail itself of the protections of the District of Columbia law.

30. The frequency and volume of CommPartners' contacts with the District of Columbia is virtually non-existent. Consequently, CommPartners had no reasonable expectation that it would be haled into court in the District of Columbia.

31. For the convenience of parties and witnesses, and in the interest of justice, CommPartners respectfully requests that this case be transferred to the District of Nevada in Las Vegas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 2nd day of May 2008

_____
David S. Clark

6