**Marquis & Aurbach**
NICK D. CROSBY, ESQ.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711
    Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| PAETEC COMMUNICATIONS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMPARTNERS, LLC,<br><br>                    Defendant. | Case No: 1:08-cv-00397(JR) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY

CommPartners, LLC ("CommPartners") by and through its attorneys of records, Stephen D. DeNigris, Esq. and Nick D. Crosby, Esq., hereby files its Reply in Support of Motion to Dismiss, Transfer, or Stay.

This Reply is made and based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument allowed by counsel at the time of the hearing.

Dated this _9_ day of July, 2008.

MARQUIS & AURBACH

By_____
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Defendant

M&A:08079-003 596728_1 7/9/2008 4:52 PM

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **PRIMARY JURISDICTION DOCTRINE IS APPLICABLE IN THE CASE AT BAR.**

In its Opposition, Paetec Communications, Inc. ("Paetec") argues that based upon the four factors identified in *Total Telecomm. Serv. Inc. v. AT & T*, 919 F. Supp. 472 (D.D.C. 1996), *aff'd*, 99 F.3d 448, 1996 WL 590872 (D.C.Cir. 1996), the Primary Jurisdiction Doctrine is not applicable. As set forth in the Motion, CommPartners, LLC ("CommPartners") asserts this case is ripe and appropriate for application of the Primary Jurisdiction Doctrine.

First, although Paetec argues the issue is not within the conventional expertise of the federal judiciary, CommPartners asserts that the issue is whether the tariffs apply to VoIP originated calls. Indeed, the Court in *AT & T v. MCI Comm. Corp.*, 837 F.Supp. 13 (D.C.Cir. 1993) held "[i]t is particularly appropriate to invoke the primary jurisdiction doctrine when it is necessary to determine whether a tariff is in compliance with regulatory standards." *AT &T*, 837 F.Supp. at 16. Here, the FCC has not definitively ruled on the applicability of Carrier Access Charges *vis a vis* VoIP calls. Paetec admits in its Opposition that the FCC "never expressly" addressed "the issue at bar." Opp., p. 20. Further, Paetec admits the holding of *In the Matter of AT & T's Phone-to-Phone IP Telephony Services*, 2004 WL 856557, 19 F.C.C.R. 7457 (2004) ("*IP-in-the-Middle-Order*") was expressly limited to that particular case. Thus, the FCC has not specifically ruled upon the applicability of Carrier Access Charges for VoIP calls. Although Paetec identifies several cases which touch on aspects of the issue at bar, not one case cited by Paetec established a rule regarding the issue.

Second, Paetec offered no persuasive argument in opposition to the fact a danger of inconsistent rulings exists. As noted in CommPartners' Motion, a real threat of inconsistent rulings exists because the FCC has not issued a decision regarding the applicability of Carrier Access Charges to ViOP originated calls. Although Paetec suggests the FCC has offered significant guidance regarding the issue which signals how the FCC will ultimately rule on the issue, the fact remains – the FCC has not reached a decision. It is also of note that if the FCC has offered significant guidance on the issue, why then, has it not issued a decision? The answer is

M&A:08079-003 596728_1 7/9/2008 4:52 PM

that the guidance is not as significant as Paetec argues.

Paetec's argument that the FCC's record of unreasonable delays in responding to primary jurisdiction referrals weighs against referral is unpersuasive. Indeed, Paetec cites cases where primary jurisdiction was exercised in cases requiring determination by the FCC for the applicability of access charges for VoIP telephone traffic. Opp. at 24-25 (*see* citations therein). Thus, Paetec recognizes, albeit implicitly, that the very issues presented are before the FCC and, moreover, that federal courts have exercised primary jurisdiction in those cases. Thus, the perception of delay should have no bearing in this case, particularly considering other parties have presented the issue to the FCC before the filing of the instant matter, which should provide a quicker determination of the issues.

## II.    COMMPARTNERS IS NOT SUBJECT TO GENERAL JURISDICTION IN THE DISTRICT OF COLUMBIA.

Paetec argues in opposition to the Motion to Dismiss that CommPartners is subject to general jurisdiction in the District of Columbia under D.C. Code § 13-334(a) because it is a foreign corporation designated under the statutes in this district. However, as CommPartners noted in its Motion, it does not "do business" in the District of Columbia sufficient for this Court to exercise general jurisdiction.

Indeed, as set forth in the Declaration of David Clark, attached to the Motion to Dismiss as Exhibit A, CommPartners has no presence in the District of Columbia. It does not have any wholesale customers in the District of Columbia and does not directly transact any business with customers from the District of Columbia over its network. Further, CommPartners has not commenced a telecommunications operation or business in the District of Columbia and has no current plans to deploy a network in D.C. As noted in the Motion, CommPartners will send traffic to other carriers with a physical network presence in D.C. for termination of a call. (Dec. of Clark, ¶¶ 16-20)

Moreover, the alleged access fees claimed to be owed by Paetec did not arise from business or personal contacts with the District of Columbia and, instead, arose from the routing of calls in Massachusetts, New York, Pennsylvania, Delaware and Florida. (*Id.* at ¶ 21) It is

M&A:08079-003 596728_1 7/9/2008 4:52 PM

apparent from the facts that Commpartners' contacts, if any, were attenuated at best and are insufficient to establish jurisdiction in the District of Columbia. Although CommPartners received a certificate to provide local exchange telecommunications services from the Public Service Commission, the application was made in 2005 and CommPartners has not purposefully directed any sufficient activities in the District of Columbia. In short, CommPartners has not established minimum contacts with the District of Columbia to warrant an exercise of jurisdiction. Indeed, CommPartners does not: (1) maintain an office or physical network in the District of Columbia; (2) have any wholesale customers in the District of Columbia; and (3) directly transact any business with customers from the District of Columbia over its network. (Dec. of Clark, ¶¶ 16-18, 21).

**III.    BECAUSE COMMPARTNERS IS NOT SUBJECT TO PERSONAL JURISDICTION IN THE DISTRICT OF COLUMBIA, VENUE IS NOT PROPER.**

Paetec argues that because 28 U.S.C. § 1391(c) provides venue is proper in any judicial district in which the defendant resides and that a defendant "resides" in any district in which it is subject to personal jurisdiction, venue is proper in the District of Columbia because CommPartners is subject to personal jurisdiction in the District of Columbia. Because the issue of venue pursuant to 28 U.S.C. § 1391 will be determined by this Court's decision on whether CommPartners is subject to personal jurisdiction, CommPartners, in the interest of brevity, will refer the Court to its arguments regarding venue and personal jurisdiction as cited in the Motion and herein. CommPartners, nonetheless, asserts that because it is not subject to personal jurisdiction in the District of Columbia, venue is not proper.

**IV.    ALTERNATIVELY, THE COURT SHOULD TRANSFER THE ACTION TO THE DISTRICT OF NEVADA PURSUANT TO 28 U.S.C. § 1404(A).**

Paetec acknowledged the District Courts' "broad discretion" in transferring matters pursuant to 28 U.S.C. § 1404(a). Opp. at 14. CommPartners maintains the balance of convenience tips strongly in its favor. First, Paetec's claims did not arise within the District of Columbia. (Dec. Clark at ¶ 21) Second, as argued *supra* and in the Motion, CommPartners is not subject to personal jurisdiction in the District of Columbia and CommPartners does not reside in the District of Columbia and its activities do not meet the "doing business"

M&A:08079-003 596728_1 7/9/2008 4:52 PM

requirements for long-arm jurisdiction under the D.C. statute.

Next, the principal office of CommPartners is located in Las Vegas, Nevada, as is the network for CommPartners. Further, any discovery as to the factual issues presented in the case will be derived, in large part, from witnesses employed by CommPartners in Nevada. Also, the documents likely relevant to the claims and defenses asserted in the action are located in Nevada. Additionally, CommParnters has instituted an action in Las Vegas, Nevada against Paetec, in the Eighth Judicial District Court (Case No. A566027).

In short, the District of Columbia has no significant connection to the allegations asserted in the Complaint and venue properly lies in Nevada. As such, if the Court is inclined to deny the Motion to Dismiss, CommPartners respectfully requests that the Court transfer venue to the United States District Court for the District of Nevada.

Dated this $\mathcal{Q}^{L}$ day of July, 2008.

MARQUIS & AURBACH

By _____
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Office: 702-942-2133
Fax: 702-856-8932

ncrosby@marquisaurbach.com

Attorney(s) for Defendant

M&A:08079-003 596728_1 7/9/2008 4:52 PM

## CERTIFICATE OF MAILING

I hereby certify that on the ___ day of July, 2008, I served a copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Jeffrey J. Binder, Esq.
The Watergate Suite 1107
North 2510 Virginia Avenue
N.W. Washington, D.C. 20037

j.j.binder@verizon.net

Attorney for PAETEC Communications, Inc.

Stephen G. DeNigris, Esq.
2100 M Street NW Suite 170-283
Washington, D.C. 20037
Attorney for CommPartners, LLC

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

_____
Jessica Plecher, an employee of Marquis & Aurbach

M&A:08079-003 596728_1 7/9/2008 4:52 PM