UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

PAETEC COMMUNICATIONS, INC.   )

            Plaintiff,   )

                          )

   vs.   ) C.A.No.1:08-cv-00397(JR)

                          )

COMMPARTNERS, LLC   )

            Defendant.   )

_____)

**PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE TO CALL THIS COURT'S ATTENTION TO RELEVANT CASE LAW DECIDED JULY 8, 2008**

Plaintiff PAETEC Communications, Inc. ("PAETEC") hereby moves this Honorable Court for leave to call this Court's attention to relevant case law decided by the United States Court of Appeals for the District of Columbia on July 8, 2008. As grounds for this motion, PAETEC states:

1. On July 1, 2008, PAETEC filed its Opposition to Defendant CommPartners' Motion To Dismiss, Transfer, or Stay pending referral to the Federal Communications Commission ("FCC") on the ground of primary jurisdiction.

2

2. Defendant CommPartners' filed with this Court its Reply To PAETEC's Opposition on July 9, 2008.

3. On the evening of July 9, 2008, Plaintiff PAETEC had the opportunity to read *In re CORE Communications, Inc.*, --- F.3d ---, 2008 WL 2649636. *That case was decided on July 8, 2008.*

4. Understandably, CommPartners did not mention the *In re CORE Communications, Inc.* opinion in its Reply filed within hours of the availability of that opinion.

5. Defendant CommPartners' has moved this Court, *inter alia,* to stay the instant case on the ground of primary jurisdiction residing in the FCC. Defendant CommPartners requests that this Court refer the instant case to the FCC.

6. The *In re CORE Communications* opinion discusses extensively the issue of the FCC's record of delay and inaction in a relevant area of intercarrier compensation. That opinion issues a writ of mandamus to the FCC to comply with a previous remand order regarding intercarrier compensation. The FCC has not acted on that remand for approximately six years.

7. One of the critical issues argued by CommPartners and PAETEC herein is whether or not the FCC's record of delay with respect to primary jurisdiction referrals,

3

especially in the area of intercarrier compensation, weighs heavily or not against the Court's referring the instant case to the FCC.

8. PAETEC's undersigned counsel believes it is his duty to bring to this Court's attention any relevant law, decided after his filing of the Opposition, whether favorable or unfavorable to his client's position.

9. CommPartners' attorney has assented to this motion.

Wherefore, PAETEC requests this Honorable Court to grant its request for leave to bring to its attention In *re CORE Communications, Inc., --- F.3d ---, 2008 WL 2649636,* decided on July 8, 2008.

ASSENTED TO:

/S/ Stephen G. DeNigris, Esq.
Attorney for CommPartners

Respectfully submitted,

/s/ Jeffrey J. Binder
Jeffrey J. Binder, Esq.
D.C. Bar #475821
The Watergate
Suite 1107 North
2510 Virginia Avenue, NW
Washington, D.C. 20037
j.j.binder@verizon.net

Attorney for:
PAETEC Communications, Inc.

Dated this 10th of July, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

PAETEC COMMUNICATIONS, INC. )

        Plaintiff,    )

                              )

    vs.                  )  C.A.No.1:08-cv-00397(JR)

                              )

COMMPARTNERS, LLC          )

        Defendant.    )

_____)

**(PROPOSED) ORDER**

Upon consideration of Plaintiff PAETEC's Motion For Leave To Call This Court's Attention To Relevant Case Law Decided July 8, 2008, the Court grants Plaintiff's motion for such leave.

                                          _____

                                          UNITED STATES DISTRICT JUDGE

DATED: July  , 2008